

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00307-CR

**EVERETT EUGENE TURNER,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

---

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2009-305-C2

---

## MEMORANDUM OPINION

---

Appellant Everett Eugene Turner pleaded guilty to the offenses of burglary of a habitation and felon in possession of a firearm. *See* TEX. PENAL CODE ANN. §§ 30.02, 46.04 (Vernon 2011). He elected to have the jury assess his punishment and was sentenced to twenty and five years' imprisonment, respectively. This appeal ensued.

In his first issue, Turner contends that the trial court erred in giving the parole law instruction required by article 37.07, section 4(a) of the Code of Criminal Procedure in the punishment charge. Turner complains that the instruction language concerning

"good conduct time" is misleading because it improperly implies that a person may be released from prison early without any parole solely due to accruing good conduct time.

Because Turner did not object to the charge on this basis, error will not result in reversal of his conviction in the absence of "egregioius harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

There is a presumption that the jury followed the charge's instructions. *See Luquis v. State*, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002); *Hooper v. State*, 255 S.W.3d 262, 271 (Tex. App.—Waco 2008, pet. ref'd). Thus, we presume that the jury followed the trial court's instructions and did not consider parole: "However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant." *See Hooper*, 255 S.W.3d at 271. Absent evidence or indications to the contrary, this presumption prevails. *Id.* at 271-72.

Turner has not demonstrated a reasonable likelihood that the jury was, in fact, misled or that it assessed a higher sentence based upon any misconstruction of the parole law charge. Nothing in the record suggests that the jury discussed, considered or tried to apply (despite the judicial admonition *not* to apply) what they were told about good conduct time and parole. Neither the prosecutor nor defense attorney discussed good conduct time or parole in argument or urged the jury to assess a greater (or lesser) sentence based upon good conduct time or parole. The jury did not send out any notes indicating or expressing confusion about the possible application of good conduct time or parole to Turner. Although Turner received the maximum sentence of incarceration for the burglary offense, the jury did not assess any fines and only assessed half the maximum sentence for the offense of felon in possession of a firearm. *See Luquis*, 72 S.W.3d at 366-68; *Hooper*, 255 S.W.3d at 272.

Thus, assuming without deciding that the trial court erred, we conclude that any alleged error did not result in egregious harm. We overrule Turner's first issue.

In his second issue, Turner contends that the trial court erred by instructing the jurors in the punishment charge that they should not let "sympathy" affect their deliberations or verdict. We have previously decided this issue against Turner's position and see no occasion to revisit our ruling. *See Wilson v. State*, 267 S.W.3d 215, 219-20 (Tex. App.—Waco 2008, pet. ref'd) (citing *Saffle v. Parks*, 494 U.S. 484, 489, 110 S.Ct. 1257, 1260-61, 108 L.Ed.2d 415 (1990) (holding that jurors need not "be allowed to base the sentencing decision upon the sympathy they feel for the defendant after hearing his mitigating evidence")). We overrule Turner's second issue.

Having overruled both Turner's issues, we affirm the trial court's judgment.


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 3, 2011
Do not publish
[CR25]